[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13473
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00550-VMC-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD JOHN HEROMIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 30, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ronald John Heromin appeals his conviction for conspiracy to distribute and dispense controlled substances not for a legitimate purpose and not in the usual course of professional practice, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Heromin challenges his conviction on the ground that the district court erroneously admitted three pieces of prejudicial testimony.  He also contends that the district court erred when it denied his motion for a new trial based on juror misconduct.

From 2009 to 2011 Heromin worked at a number of pain-management clinics in Florida.  During that time, Heromin used his privileges as a licensed physician to write prescriptions for painkillers and other controlled substances to nearly anyone willing to pay for them.  The clinics accepted only cash payments and Heromin received a cut of their daily profits, at some points earning up to $12,000 to $15,000 per day.  In October 2011 a grand jury indicted Heromin on one count of conspiring to distribute and dispense controlled substances not for a legitimate medical purpose and not in the usual course of professional conduct. After a nearly three week trial in March and April 2014, a jury found him guilty. This is his appeal.

Heromin does not challenge the sufficiency of the evidence against him. Instead, he contends that the district court erroneously admitted certain prejudicial testimony.  The first statement he challenges was from one of the patients to whom he prescribed controlled substances.  The patient testified that during a joint

2

appointment with his girlfriend, Heromin asked the patient's girlfriend, "[H]ave you ever been F'ed real good, and I don't mean by [your boyfriend]." He also challenges testimony given by an owner of one of the pain management clinics where Heromin worked. The owner testified that when his wife, who worked at the clinic, confronted Heromin about his practices, Heromin "called her a bitch and sa[id] that he really wanted to . . . put her head through the wall." The final line of questioning he challenges occurred during his own cross-examination. The government questioned him about another physician who referred him to the clinics in Florida and asked whether that physician's license had been suspended because she had improperly pre-signed prescriptions. Heromin testified that it had. The district court admitted each piece of testimony over defense counsel's objections.

We review evidentiary rulings for abuse of discretion. United States v. Willner, 795 F.3d 1297, 1316 (11th Cir. 2015). "[E]ven if an evidentiary ruling is erroneous, it will not result in a reversal of the conviction if the error was harmless." United States v. Langford, 647 F.3d 1309, 1323 (11th Cir. 2011) (quotation marks omitted). An error is harmless when "sufficient evidence

uninfected by any error supports the verdict, and the error did not have a substantial influence on the outcome of the case." [1] Id. (quotation marks omitted).

Heromin's argument fails because even if the district court did err by admitting the challenged testimony, those errors were harmless.[2] The government presented a lot of evidence against Heromin. Patients, expert witnesses, clinic owners, and employees, some of whom were coconspirators, testified that Heromin instructed clinic staff to coach patients, knowingly prescribed painkillers to unqualified patients in exchange for cash payments, and implemented policies to avoid detection by law enforcement. That evidence independently established that Heromin conspired to distribute and dispense controlled substances for illegitimate purposes. Against that backdrop, the challenged testimony could not have substantially influenced the outcome of the trial.

Heromin also contends that the district court erroneously denied his motion for a new trial based on juror misconduct. At the conclusion of the trial, the alternate juror informed the court, after he was dismissed and outside the presence of the remaining jurors, that some jurors had discussed the "personalities" of those

---

[1] The government argues that, with respect to some of the district court's evidentiary rulings, we should review only for plain error because Heromin did not object to the admission of the evidence on the specific grounds he now argues on appeal. Because we find that Heromin's arguments fail even under the more defendant-friendly harmless error standard, we need not decide whether the plain error standard applies.

[2] Tellingly, Heromin spends the majority of his briefs arguing that the district court's evidentiary rulings were erroneous, but he fails to argue that those errors were not harmless.

participating in the trial.  When the jury returned a guilty verdict, the court individually questioned each of the jurors to determine whether they had improperly discussed the case before deliberations.  While many jurors denied that any pre-deliberation conversations about the case had taken place, other jurors described three potentially problematic comments.  According to some jurors, one juror made a humorous comment about a witness, another juror made a comment about the appearance of a non-witness participant, and yet another juror made a comment about a similar trial ongoing in Miami.  Each juror denied that the comments impacted their deliberations.

"We review the denial of a motion for a new trial for abuse of discretion." United States v. Perez-Oliveros, 479 F.3d 779, 782 (11th Cir. 2007).  The district court "is vested with broad discretion in responding to an allegation of jury misconduct, and that discretion is at its broadest when the allegation involves internal misconduct such as premature deliberations, instead of external misconduct such as exposure to media publicity."  United States v. Dominguez, 226 F.3d 1235, 1246 (11th Cir. 2000).  Pre-deliberation discussions "are not inappropriate, so long as such discussions do not lead [the jurors] to form an opinion of the defendant['s] guilt or innocence of the offenses charged."  United States v. Watchmaker, 761 F.2d 1459, 1466 (11th Cir. 1985).

The district court did not abuse its discretion when it denied Heromin's motion for a new trial.  See Dominguez, 226 F.3d at 1247–48.  There was no evidence that the jurors' comments led them to form an opinion about Heromin's guilt or innocence.  See Watchmaker, 761 F.2d at 1466.  And while Heromin asserts that the comment about another trial in Miami constituted an "extrinsic contact" or "extraneous material," he fails to explain why that comment qualifies as extrinsic or extraneous.  Heromin does not allege, for example, that anyone outside the jury attempted to contact the jurors, or that the jurors' discussions concerned evidence about Heromin's case.  The district court acted well within its broad discretion in concluding that the pre-deliberation discussions were not so prejudicial as to warrant a new trial.

**AFFIRMED.**